IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CHARLES M HAIR,

       Petitioner,

v.                                           CASE NO. 5:11-cv-241-MP-GRJ

WARDEN, FCI MARIANNA,

       Respondent.

_____/

## <u>REPORT AND RECOMMENDATION</u>

       Petitioner initiated this case by filing Doc. 1, a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and paying the filing fee.   The Petition stems from Petitioner's Middle District of Florida convictions for attempting to transport and transporting child pornography and possessing and attempting to possess child pornography, for which he received a total sentence of 365 months' imprisonment.   *See United States v. Hair*, Case No. 8:03-cr-285-EAK-EAJ, Doc. 130 (resentencing following remand).  Petitioner's convictions and resentencing were affirmed on appeal.  *Id*. Docs. 118, 140.  Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, asserting four claims of ineffective assistance of counsel and a due process claim with respect to his sentence.   *Id*.  Doc. 148.  The court concluded that some of his claims were procedurally barred, and denied the others on the merits.  *Id*. Doc. 151. The court denied Petitioner a Certificate of Appealability, and Petitioner did not appeal. *Id*. Doc. 152.

       In the instant Petition, Petitioner asserts that he is entitled to habeas corpus

relief with respect to two claims of ineffective assistance of counsel and one claim that

the trial court erred in its evidentiary rulings and erred in enhancing his sentence.  Doc.

1.

Under the circumstances presented, Petitioner is expressly precluded by § 2255

from pursuing any remedies under § 2241.  Section 2255 states that an application

such as this  "shall not be entertained if it appears that the applicant has  failed to apply

for relief, by motion, to the court which sentenced him, *or that such court denied him*

*relief*[.]"

Under limited circumstances, a Petitioner may avoid the preclusive effect of that

prohibition by invoking the "savings clause" in § 2255(e) which permits relief to be

sought under § 2241 if it "appears that the remedy by motion [under § 2255] is

inadequate or ineffective to test the legality of [the applicant's] detention."  However, the

unavailability of relief under § 2255 because of a limitations or other bar does not

demonstrate that  the § 2255 remedy  is  inadequate or   ineffective.  *Wofford v. Scott*,

177 F.3d 1236, 1244 (11th Cir. 1999).  In  *Wofford*, the Eleventh Circuit held that:

> The savings clause of § 2255 applies to a claim when: 1) that claim is
> based upon a retroactively applicable Supreme Court decision; 2) the
> holding of that Supreme Court decision establishes the petitioner was
> convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed
> such a claim at the time it otherwise should have been raised in the
> petitioner's trial, appeal, or first § 2255 motion.

*Id*.  Even when those narrow and stringent requirements are met so as to "open the

portal" to a § 2241 proceeding, the Petitioner must then demonstrate "actual

innocence."  *Id*. (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998) ("It is

important to note in this regard that 'actual innocence' means factual innocence, not

mere legal insufficiency.")).

Petitioner has identified no retroactively applicable Supreme Court decision that establishes that Petitioner's offenses of conviction are "nonexistent" within the meaning of *Wofford*. Moreover, Petitioner makes no claim of actual innocence within the meaning of *Wofford*. *See* Doc. 1.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, Doc. 1, be **DISMISSED**.

**IN CHAMBERS** this 21st day of July 2011.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**